___ FILED X LODGED
___ RECEIVED ___ COPY
FEB 18 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___________ DEPUTY

DIANE J. HUMETEWA
United States Attorney
District of Arizona

WALTER PERKEL
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
walter.perkel@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Angel Mendoza-Romero<br>a.k.a. Ruben Rodriguez Miranda<br>a.k.a. Angel Romero-Mendoza,<br>Defendant. | NO. CR09-88-PHX-JAT (LOA)<br>MAGISTRATE NO. 09-0003M<br>**PLEA AGREEMENT** |

The United States of America and the defendant agree to the following disposition of this matter:

PLEA

The defendant agrees to plead guilty to Count 2 of the Indictment charging the defendant with a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) & (a)(1)(B)(i), Harboring Illegal Aliens, a Class C felony.

TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties

(a) A violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) & (a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of up to three (3) years.

(b) According to the Sentencing Reform Act of 1984, the court shall:

(1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

(2) Order the defendant to pay a fine, which may include the costs of, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3572, the Court finds upon consideration factors therein and in Section 3553 that a fine is not appropriate;

(3) Order the defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

(c) Pursuant to 18 U.S.C. section 3013(a), the defendant shall pay a special assessment of $100.00 for each count to which the defendant is pleading guilty. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

**AGREEMENTS REGARDING SENTENCING**

a. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

b. Stipulations In accordance with Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case:

i. The guidelines offense characteristic considered in U.S.S.G. § 2L1.1(b)(5)(B) shall be applied in this case because a firearm was brandished during the commission of the offense.

ii. The guidelines offense characteristic considered in U.S.S.G. § 2L1.1(b)(8) shall be applied in this case because an alien was involuntarily detained through coercion or threat after the alien was smuggled into the United States.

iii. The government and the defendant agree the defendant's sentence shall not exceed the high end of the guideline range as determined by the Court.

c. If the court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving either party, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw from the guilty plea and this agreement.

d. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

e. Acceptance of Responsibility Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense, if the defendant is eligible for the two-point reduction pursuant to Section 3E1.1(a) of the Guidelines and, if the offense level determined prior to the operation of subsection (a) is level 16 or greater and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will move for an additional one level decrease in offense level, pursuant to Section 3E1.1(b) of the Guidelines.

Agreement to Dismiss or Not to Prosecute

a. At the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Counts 1, 3, 4 of the Indictment.

b. Further, this office will not prosecute the defendant for any additional offenses committed by the defendant, and known by the government, which are detailed in the discovery released to defendant, and relate to violations of 18 U.S.C. § 1203 (Hostage Taking), 8 U.S.C. §§ 1324(a)(1)(A)(ii) & (a)(1)(B)(i) (Transporting Illegal Aliens for Financial Gain), or 8 U.S.C. § 1326(a) enhanced by (b)(1) (Reentry After Deportation) on December 30, 2008.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States

Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing:

1. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

2. All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

3. All history of drug abuse which would warrant a treatment condition as part of sentencing.

4. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Effect on Forfeiture Proceedings

Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating

an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I agree that any guideline range discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Elements of the Offense

The defendant understands that if the case were to proceed to trial, the government would be required to prove the following elements beyond a reasonable doubt before the defendant could be found guilty of the offense to which the defendant is pleading guilty:

1. Alejandro Torres-Mojica and Pulido Reyes are illegal aliens;

2. The defendant knew or recklessly disregarded the fact that the above-named individuals are illegal aliens;

3. The defendant concealed, harbored or shielded from detection the above-named individuals within a building, vehicle or other place for the purpose of furthering the alien's unlawful presence in the United States; and

4. The offense was committed for the purpose of commercial advantage or private financial gain.

Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the these facts beyond a reasonable doubt:

> On or about December 30, 2008, I was present at a residence, an apartment located at 4032 West Osborn Road, apartment # 119, in Phoenix, Arizona. On that day the residence contained two illegal aliens: Alejandro Torres-Mojica and Pulido Reyes. I knew that these two individuals in the residence were illegal aliens and I intended to assist them in remaining in the United States unlawfully.
>
> I was going to receive money for harboring the illegal aliens. I was detaining, holding, and ransoming these aliens for money by threatening to harm them physically if their family members present in the U.S. did not meet my ransom demands.

On or about December 30, 2008, and for a few days prior to, I brandished and displayed a loaded handgun to Alejandro Torres-Mojica while threatening to harm him. I also struck and kicked Alejandro Torres-Mojica and did not permit him to leave the above location without my permission.

On that same day, I, along with Alejandro Torres-Mojica, left 4032 West Osborn Road, and entered a motor-vehicle, a maroon Chevrolet Impala, that was being driven by Nelson Gutierrez-Sierra. Inside the motor-vehicle was a loaded 9mm handgun and the cell-phone that I had used to communicate with family members of the illegal aliens.

Nelson Gutierez-Sierra assisted with the harboring of Alejandro Torres-Mojica and Pulido Reyes by providing transportation for the illegal aliens and by providing food and supplies to the apartment at 4032 West Osborn Road. Gutierez-Sierra also facilitated the use of a bank account in the name of Ana Cecilia Ayone-Rodriguez that was used to receive ransom money.

2/18/09
Date

Angel R. Mendoza
Angel Mendoza-Romero
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated ~~or caused to be translated~~ this agreement from English into Spanish to the defendant on the 17th day of February, 2009.

2/17/09
Date

Atmore Baggot
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

Date

WALTER PERKEL
Assistant United States Attorney

COURT'S APPROVAL

Date

HON. JAMES A. TEILBORG
United States District Judge