```
            FILED    X LODGED
            RECEIVED   COPY

            FEB 2 4 2009

        CLERK U S DISTRICT COURT
           DISTRICT OF ARIZONA
        BY_____ DEPUTY
```

1  DIANE J. HUMETEWA
   United States Attorney
2  District of Arizona

3  WALTER PERKEL
   Assistant U.S. Attorney
4  Two Renaissance Square
   40 North Central Avenue, Suite 1200
5  Phoenix, Arizona 85004-4408
   Telephone (602) 514-7500
6  walter.perkel@usdoj.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Nelson Gutierrez-Sierra<br>a.k.a. Nelson Olivares-Sierra<br>a.k.a. Nelson Gutierrez-Sina<br>a.k.a. Orlando Guzman-Gutierres,<br><br>Defendant. | No. CR 09-88-PHX-JAT(LOA)<br><br>MAGISTRATE NO. 09-0004M<br><br>**PLEA AGREEMENT** |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to Count 3 of the Indictment charging the defendant with a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(i), Transportation of Illegal Aliens For Financial Gain, a Class C felony.

### TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties

(a) A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of up to three (3) years.

(b) According to the Sentencing Reform Act of 1984, the court shall:

(1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

(2) Order the defendant to pay a fine, which may include the costs of, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3572, the Court finds upon consideration of the factors therein and in Section 3553 that a fine is not appropriate;

(3) Order the defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

(c) Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. Defendant agrees, as a term of this plea agreement, that the special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing. Defendant also agrees that if defendant is indigent, the special assessment will be collected in the same manner as would a fine, according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

Acceptance of Responsibility

Assuming the defendant makes full and complete disclosure to the Probation

Department of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates acceptance of responsibility for this offense up to and including the time of sentencing, if the defendant is eligible for the two-level reduction pursuant to Section 3E1.1 of the Sentencing Guidelines and the defendant's offense level before acceptance of responsibility is Level 16 or higher, the United States will stipulate to a three-level reduction in the advisory sentencing guideline offense level, pursuant to Section 3E1.1(b) of the Guidelines.

<u>Agreements Regarding Sentence</u>

a. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

b. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

i. The government and the defendant agree the defendant's sentence shall not exceed the term of imprisonment set forth at the bottom of the advisory sentencing guideline range as determined by the Court.

ii. The government and the defendant stipulate and agree that the sentencing enhancements pursuant to U.S.S.G. Sections 2L1.1(b)(2) (6 or more aliens), 2L1.1(b)(5) (dangerous weapon), and 2L1.1(b)(8) (involuntary detention by threats) do not apply. [handwritten annotations: "bronowsky NCV action government"]

c. If the court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving either party, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw from the guilty plea and this agreement.

Agreement to Dismiss or Not to Prosecute

a. At the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Counts 2 and 5 of the Indictment.

b. Further, this office will not prosecute the defendant for any additional offenses committed by the defendant, and known by the government, which are detailed in the discovery provided to the defendant, and related to violations of 18 U.S.C. § 1203 (Hostage Taking), 8 U.S.C. §§ 1324(a)(1)(A)(iii) & (a)(1)(B)(i) (Harboring Illegal Aliens for Financial Gain), or 8 U.S.C. § 1326(a) enhanced by (b)(1) (Reentry After Deportation) on December 30, 2008.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any

objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing:

1. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

2. All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

3. All history of drug abuse which would warrant a treatment condition as part of sentencing.

4. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Effect on Forfeiture Proceedings

Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I agree that any guideline range discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

<u>Elements of the Offense</u>

The defendant understands that if the case were to proceed to trial, the government would be required to prove the following elements beyond a reasonable doubt before the defendant could be found guilty of the offense to which the defendant is pleading guilty:

1.   Alejandro Torres-Mojica is an illegal alien;

2. The defendant knew or recklessly disregarded the fact that Alejandro Torres-Mojica is an illegal alien;

3. The defendant transported Alejandro Torres-Mojica within the United States with the intent to assist Alejandro Torres-Mojica to remain in the United States unlawfully; and

4. The offense was committed for the purpose of commercial advantage or private financial gain.

Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the these facts beyond a reasonable doubt:

> On or about December 30, 2008, at or near Phoenix, in the District of Arizona, I was operating a motor-vehicle, a Chevrolet Impala, bearing license plate number ABT7096. The motor-vehicle contained three passengers. Alejandro Torres-Mojica was among the passengers. I knew that Alejandro Torres-Mojica was an illegal alien and I intended to assist him in remaining in the United States unlawfully. I received a financial benefit for transporting Alejandro Torres-Mojica. Angel Mendoza-Romero, who was in the back seat of the Chevrolet Impala at the time of the offense, paid me to transport Torres-Mojica, and to run errands for Mendoza-Romero in relation to Mendoza-Romero's illegal alien smuggling operation.

2-24-09
Date

Nelson Gutiérrez-Sierra
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No

assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, _____.

2-24-09
Date

Neil LaBarge
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

2/24/09
Date

WALTER PERKEL
Assistant United States Attorney

## COURT'S APPROVAL

Date

HON. JAMES A. TEILBORG
United States District Judge

Feb 24, 2009 - 0913